UNITED STATES DISTRICT COURT
SOUTHERN DISTIRCT OF FLORIDA

Case No. 10-60353-Civ-COOKE/TURNOFF

FRONTIER DEVELOPMENT, LLC,

    Plaintiff

vs.

JP MORGAN CHASE BANK,

    Defendant,

FEDERAL DEPOSIT INSURANCE
CORPORATION,

    Intervenor.
_____/

### ORDER DENYING PLAINITFF'S MOTION FOR RECONSIDERATION

THIS CASE is before me on Plaintiff Frontier Development, LLC's Motion for Reconsideration and Response to Defendant and Intervenor's Agreed Motion to Stay. (ECF No. 25). I have reviewed the record, the arguments and the relevant legal authorities. For the reasons explained below, the motion for reconsideration is denied.

**I. Background**

On or about January 18, 2008, Plaintiff Frontier Development, LLC ("Frontier") leased real property located in Broward County, Florida (the "Property") from Washington Mutual Bank ("WaMu"). On September 25, 2008, the United States Department of the Treasury, Office of Thrift Supervision seized WaMu and appointed the Federal Deposit Insurance Corporation (the "FDIC") as WaMu's receiver.[1]  As receiver, the FDIC took possession, ownership and

---

[1] The Office of Thrift Supervision acts as the primary regulator of federal and state thrift institutions, which include savings banks and savings and loan associations. The Office of Thrift Supervision seized WaMu from Washington Mutual, Inc., due to the withdrawal of $16.4 billion

control of all WaMu's assets and liabilities. That same day, Defendant JPMorgan Chase National Bank ("Chase") and the FDIC executed a Purchase and Assumption Agreement ("PAA") through which Chase acquired many, but not all, of WaMu's assets and liabilities.

On March 9, 2010, Frontier filed a complaint against Chase for breach of the lease agreement. On July 13, 2010, the FDIC intervened in this action as a matter of right, pursuant to Fed. R. Civ. P. 24(a)(2). On November 23, 2010, Chase and the FDIC filed an Agreed Motion to Stay Proceedings pending the appeal of *290 at 71, L.L.C. v. JPMorgan Chase Bank*, Case No. 10-50205, before the U.S. Court of Appeals for the Fifth Circuit ("*290 at 71, L.L.C.*") and *GECCMC 2005-CL Plummer St. Office Ltd. Partnership v. JPMorgan Chase Bank*, Case No. 10-56219, before the U.S. Court of Appeals for the Ninth Circuit ("*GECCMC*"). (ECF No. 23). The case was stayed on November 30, 2010, as both *290 at 71, LLC* and *GECCMC* involve similar causes of action against Chase regarding leased property acquired through a similarly worded PAA. On December 1, 2010, Frontier filed a Motion for Reconsideration, challenging the stay of the case pending the appeal of *GECCMC*.[2]

## II. Legal Standard

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citation omitted). There are three grounds for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice." *Id*. "A motion

---

in deposits during a 10-day bank run by WaMu customers. WaMu was the United States' largest savings and loan association until WaMu's closure and assigned receivership. WaMu's bank failure is the largest in American financial history.

[2] Frontier agrees that the stay was proper pending the resolution of the appeal of *290 at 71, LLC*. The Fifth Circuit Court of Appeals, however, dismissed that case on December 16, 2010.

2

for reconsideration cannot be used to 'relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (citing *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

### III. Discussion

#### A. Whether Frontier Has Standing to Sue JPMorgan Chase

Frontier argues that the stay should be vacated because the issues on appeal in *GECCMC* are not dispositive of the issues in this case. The plaintiff in *GECCMC* was the creditor of the entity who leased property from WaMu. The plaintiff alleged that after WaMu's failure, the leased property was transferred to Chase. Accordingly, the plaintiff filed an action against Chase to enforce its creditor's rights. The United States District Court for the Central District of California held that the plaintiff did not have standing to sue Chase because the plaintiff was not a party to the PAA, the plaintiff's claims were based on its interpretation of the PAA, and the obligations and responsibilities acquired under the PAA were not for the plaintiff's benefit but rather for the benefit of the receiver, the corporation and the receiving bank.

Notwithstanding the factual and legal similarities between the cases, Frontier argues that *GECCMC* is so significantly different that "any ruling in that case will not be instructive on the issues relevant to this case." (*Pl.'s Mot. for Reconsideration and Resp. to Def. and Intervenor's Agreed Mot. to Stay*, ECF No. 25, ¶ 10). Specifically, Frontier claims that *GECCMC* differs from this case in two primary aspects: (1) in *GECCMC*, the plaintiff was not a party to the lease agreement; and (2) the property at issue in *GECCMC* was an existing building where WaMu employees engaged in daily business for WaMu. Contrary to Frontier's assertions, the relevance of the *GECCMC* appeal does not rest upon plaintiff's legal status in relation to the developed

property. Rather, *GECCMC* stands for the proposition that an alleged third party beneficiary, such as Frontier, lacks standing to interpret or enforce its interpretation of an agreement to which it is neither a party nor an intended beneficiary.

Frontier admits that it was not a party to the PAA yet alleges that it is a third party beneficiary with standing to enforce the lease agreement against Chase.  Like California law, a third party beneficiary action in Florida requires the beneficiary to prove a "clear or manifest intent of the parties that the contract primarily and directly benefits the third party."  *Steadfast Ins. Co. v. Corporate Prot. Sec. Group, Inc.*, 554 F.Supp.2d 1335, 1338 (S.D. Fla. 2008); *Neverkovec v. Fredericks*, 74 Cal. App. 4th 337, 348 (Cal. Ct. App. 1999) (a literal contract interpretation resulting in a benefit to a third party does not circumvent the requirement of intention to confer benefit upon the third party).  In *GECCMC*, the district court found that the PAA explicitly disclaims any intention to benefit third parties.  If *GECCMC's* rationale were to be applied here, Frontier would lack standing to pursue its claims against Chase.

### B. *Whether JPMorgan Chase is the Proper Defendant*

Chase and the FDIC argue that the PAA classified the lease as "Bank Premises." As such, the defending and intervening parties argue that Chase was vested with the option to assume the rights and obligations under the lease.  They further claim that Chase did not exercise its option to acquire the lease, thus leaving the FDIC as the only appropriate defendant in this action.  Frontier argues that a plain reading of the PAA establishes that Chase owns the Property and is the proper defendant in this action.  Under the PAA, "Bank Premises" are defined as:

> …the banking houses, drive-in banking facilities, and teller facilities (staffed or automated) together with appurtenant parking, storage and service facilities and structures connecting remote facilities to banking houses, and land on which the foregoing are located, that were owned or leased by the Failed Bank and that are occupies by the Failed Bank as of the Bank Closing.

Chase and the FDIC contend that the Property is "Bank Premises" because Frontier intended to use the Property for banking operations. (ECF No. 16). Frontier admits that the Property was to be used for banking operations, but denies that it qualified as "Banking Premises" when the PAA was executed. Rather, Frontier argues that the Property is "Other Real Estate," which is defined as:

> …all other interests in real estate (other than Bank Premises and Fixtures) including, but not limited to mineral rights, leasehold rights, condominium and cooperative interests, are rights and development rights that are owned by the Failed Bank.

As "Other Real Estate," the Property would have been automatically transferred to Chase after WaMu's failure. Frontier's contention that the Property is included within "Other Real Estate" is predicated on the fact that the building was under construction and was unoccupied at the time the PAA was executed. Pursuant to the California district court's reasoning in *GECCMC*, this is a matter of contract interpretation between Chase and the FDIC.

### IV. Conclusion

The issues currently pending before the Ninth Circuit Court of Appeals will indeed be instructive as to whether Frontier has the right to enforce its own interpretation of the PAA and whether Chase is a proper defendant in this action. Accordingly, I hereby **ORDER and ADJUDGE** that Frontier's Motion for Reconsideration (ECF No. 25) is **DENIED**. This case shall remain stayed pending the appellate resolution of *GECCMC 2005-CL Plummer St. Office Ltd. Partnership v. JPMorgan Chase Bank*, Case No. 10-56219.

**DONE and ORDERED** in chambers at Miami, Florida this 30th day of June 2011.

_/s/ Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge